### PEOPLE v FREEBY

OPINION OF THE COURT

1. CRIMINAL LAW—GUILTY PLEAS—NONJURY TRIAL—COURT RULES—
   STRICT ADHERENCE—SUBSTANTIAL COMPLIANCE.

   Strict adherence to the requirements of a court rule governing
   guilty pleas is mandatory and neither substantial compliance
   nor the absence of prejudicial error will be deemed sufficient;
   therefore, a guilty plea must be set aside where the trial court
   failed to inform the defendant that by pleading guilty he was
   waiving his right to trial by the court, even though the plea
   proceedings complied with the court-rule provisions in all other
   respects (GCR 1963, 785.7[1] [d] [i], 785.7[5]).

CONCURRENCE BY D. E. HOLBROOK, J.

2. CRIMINAL LAW—GUILTY PLEAS—NONJURY TRIAL—WAIVER—CASE
   PRECEDENT.

   *Failure of a trial court to inform a defendant that by pleading
   guilty he was waiving his right to a trial before the court
   should not be grounds for setting aside the guilty plea where
   the defendant was properly advised of all his constitutional
   rights, the defendant does not assert that he would have chosen
   a nonjury trial if he had known of that right, the defendant
   does not now seek a nonjury trial, and he asserted error only
   after he became dissatisfied with the sentence of the trial court;
   however, case precedent requires that the guilty plea be set
   aside (MCLA 763.3).*

Appeal from Midland, James R. Rood, J. Submit-
ted Division 3 January 16, 1975, at Lansing.
(Docket No. 18977.) Decided March 24, 1975.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 486–491, 505.

Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is advised thereof. 97
ALR2d 549.

[2] 21 Am Jur 2d, Criminal Law § 495.

Harold A. Freeby was convicted, on his plea of guilty, of attempted breaking and entering with intent to commit larceny. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward G. Durance,* Prosecuting Attorney, and *John P. Higgins,* Assistant Prosecuting Attorney, for the people.

*Schneider, Craven & Handlon,* for defendant.

Before: T. M. Burns, P. J., and D. E. Holbrook and M. J. Kelly, JJ.

T. M. Burns, P. J. On July 16, 1973, a complaint and warrant were issued charging defendant Harold Allen Freeby with attempting to break and enter, with the intent to commit larceny therein,[1] the Vacationland Sales Store located in Midland County, Michigan, on July 14, 1973. Defendant's preliminary examination was held on July 26, 1973, and he was bound over to circuit court for trial. On August 17, 1973, an information containing the aforementioned charge was filed, defendant was arraigned on that information and stood mute. At the same time, defendant was also arraigned on a separate information charging him with receiving stolen goods[2] valued in excess of $100. Defendant also stood mute to this charge.

On September 11, 1973, by way of a negotiated plea, defendant pled guilty to the attempted breaking and entering charge in exchange for the prosecutor's nolle prosequi of the charge of receiving stolen goods. On October 5, 1973, defendant was sentenced to a term of from 2-1/2 to 5 years in

---

[1] MCLA 750.92; MSA 28.287 and MCLA 750.110; MSA 28.305.

[2] MCLA 750.535; MSA 28.803.

prison. Defendant subsequently filed a motion in the trial court seeking withdrawal of his guilty plea on the grounds that he had not been properly advised of his constitutional rights and that his plea had not been knowingly, understandingly and voluntarily made. After a hearing on this motion was held, the trial court entered an order denying the motion to withdraw the plea. It is from the denial of this motion that this appeal is taken.

We narrow the scope of our review to the single issue which we deem to be decisional and to mandate a reversal, namely: whether defendant's guilty plea must be reversed due to the fact that the trial court failed to inform him of his right to a nonjury trial.

However strong our feelings may be as to substantial compliance being sufficient with regard to advising an accused of his constitutional rights, the fact still remains that our Supreme Court, effective June 1, 1973, included the following provision in GCR 1963, 785:

".7 Plea of Guilty and Plea of Nolo Contendere. A defendant may enter a plea of guilty or plead nolo contendere only with the consent of the court. If the defendant states his intent to plead guilty or to plead nolo contendere the following practice shall be observed:

"(1) Advice by the Court. The court shall not accept a plea of guilty or nolo contendere without first personally addressing the defendant and informing him of and determining that he understands the following:

* * *

"(d) that by his plea of guilty or nolo contendere the defendant waives the following rights:

"(i) the right to a jury trial *or trial by the court.*

* * *

"(5) *The procedure and practice under subrule 785.7*

*is mandatory and failure to comply therewith constitutes reversible error."* (Emphasis added.)

Despite the fact that the plea proceedings in all other respects complied with the provisions of the court rule, the fact remains that the trial court did not at any time tell defendant that by pleading guilty he was waiving his right to "trial by the court". The court's failure to do so constitutes reversible error. In *People v Shekoski,* 393 Mich 134; 224 NW2d 656 (1974), our Supreme Court recently issued the following order:

"The requirements for a valid guilty plea after June 1, 1973 are set forth specifically in GCR 1963, 785.7. The bench and bar are hereby advised that strict adherence to those requirements is mandatory and that neither substantial compliance nor the absence of prejudicial error will be deemed sufficient. GCR 1963, 785.7(5)."

When the Supreme Court says that strict adherence to the requirements of this court rule is mandatory, we are powerless to substitute our judgment that defendant was accorded all his rights. Therefore, we reluctantly, but unhesitatingly, vacate the judgment of conviction and remand to the trial court for a new trial.

Reversed and remanded for further proceedings consistent with this opinion.

M. J. Kelly, J., concurred.

D. E. Holbrook, J. *(concurring).* In this case it appears that the defendant, while represented by counsel, entered into a valid plea bargain with the people and entered a plea of guilty in complete agreement with the plea bargain. The trial court

properly advised the defendant of all his constitutional rights, but did not mention the fact that he could be tried before the court without a jury, as provided by statute.[1] Only after the sentence by the court of 2-1/2 to 5 years in prison, did the defendant become dissatisfied with his plea bargain. It was then, and only then, that he asserted error in the failure of the trial court to inform him of his right to have a trial before the court without a jury as provided in GCR 1963, 785.7(1)(d)(i). He did not assert in his motion for a new trial that had he known of the right at the time of his arraignment he would have availed himself of the right, nor does he now assert that he would like to have a trial before the court without a jury. It is evident that the only thing that caused him to take this appeal was the fact that he was sentenced to prison for a term of 2-1/2 to 5 years.

Because of the circumstances in this case, this writer would like to see the case affirmed. However, because of the order of the Supreme Court in *People v Shekoski,* 393 Mich 134; 224 NW2d 656 (1974), I very reluctantly concur in the result called for in the opinion of my brothers.

---

[1] MCLA 763.3; MSA 28.856, and MCLA 763.4; MSA 28.857.